IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTIAN D. FOX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV08-385-S-EJL |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM DECISION |
| ADA COUNTY JAIL MEDICAL | ) | AND ORDER |
| STAFF, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court are Defendants' Motion to Dismiss (Docket No. 9) and

Petitioner's Motion to Amend (Docket No. 13).  The parties have filed responses to the

pending motions, or the response time has passed.

Having fully reviewed the record, the Court finds that the facts and legal

arguments are adequately presented in the briefs and record.  Accordingly, in the interest

of avoiding further delay, and because the Court conclusively finds that the decisional

process would not be significantly aided by oral argument, this matter shall be decided on

the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER  1**

**FACTUAL BACKGROUND**

Plaintiff Christian Fox ("Mr. Fox") filed his federal civil rights complaint pursuant to 42 U. S. C. § 1983 on September 11, 2008 (Docket No. 1). In the Complaint, Plaintiff alleges that on July 18, 2006 he fell and broke his left hand while working as an inmate kitchen helper at the Ada County Jail.[1] After the incident, Plaintiff alleges Ada County Jail medical providers were slow to provide him with medical care and pain medication. Mr. Fox alleges on July 20, 2006 he was seen by staff and was told his hand looked broken and he would need x-rays. Plaintiff alleges he received x-rays on July 26, 2006 and was told on August 1, 2006 that he would need to be seen by an orthopaedic doctor. Plaintiff alleges he filed several kites and a grievance regarding his hand. Mr. Fox alleges he was seen by an orthopaedic doctor at Elks Rehab Center in Boise on August 30, 2006 and was told he would need surgery. Mr. Fox was transferred from the Ada County Jail to the custody of the Idaho Department of Corrections approximately one week later.

Mr. Fox claims that the failure to provide timely medical care caused his hand to heal in a deformed manner and that all of the foregoing facts constitute a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause.

Plaintiff states in his response to the motion to dismiss that he asked the prison paralegal, James Quinn, to mail his civil rights complaint to the federal court on July 15,

---

[1]Defendants maintain the injury occurred on July 26, 2006, but for purposes of the motion to dismiss, the Court can use the date in Plaintiff's Complaint.

**MEMORANDUM DECISION AND ORDER 2**

2008 and that the paralegal mistakenly sent the complaint to the state court instead.   Mr. Quinn's affidavit indicates that as a prison paralegal he does not address envelopes, but makes the inmates address their own envelopes for their legal mail and then he sends the envelopes that the inmate has addressed to the mail room for postage.

Plaintiff claims that after he had not heard anything from the federal court, he called the federal court and was told there was no civil rights complaint filed in federal court. Mr. Fox then mailed his complaint to the federal court on September 8, 2008 and it was filed by the federal court on September 11, 2008.

Mr. Fox did write an offender concern form regarding the alleged mailing to the wrong court on November 28,2008 wherein he stated:

> On July 15, 2008, I filled out a withdraw form for metered mail to Ada Co. Jail and the US District Court. Ada Co. Recived [sic] thier [sic] mail the distric [sic] court did not.  I was given back my postage cost and resent my postage back to the US Court. I want to file a complant [sic] so this dos'nt [sic] happen to me agian [sic].

Paralegal Quinn responded to the concern form on December 1, 2008:

> one piece of mail was sent out on 7/15/08 to Ada Clerk of Court from Legal Resource Center from you.

Docket No. 14 exhibits are page 9 is not readable, but new readable copies were provided in Docket No. 19.[2]  It appears that Plaintiff also filed a grievance related to this concern

---

[2]Because the Plaintiff's exhibits were not readable, the Court requested Defendants to attempt to get better copies of the exhibits from the Idaho Department of Corrections. Docket No. 17. Defendants filed readable copies of Plaintiff's exhibits in Docket Nos. 18, 19 and 20.

**MEMORANDUM DECISION AND ORDER  3**

form, but the grievance was returned and not processed due to the inmates failure to attached the related concern form.  <u>See</u> Docket Nos. 18 and 20.

The Offender Bank Balances report filed by Plaintiff indicates that there was only one metered mail charge on July 15, 2008 for $2.87 and $7.30 for copies.  Docket No. 14-2.  Therefore, there is a conflict between the facts as represented in the concern form that <u>two</u> documents were mailed: one to Ada County Jail and one to United States Court.  It appears from the record and response to the concern form that only <u>one</u> document was mailed on Plaintiff's behalf on July 15, 2008 and that was the documents which were sent to Ada County Court.

The electronic docket of Mr. Fox's state court case, Christian D. Fox V. Ada County Jail Medical Staff, CV-OC-2008-14892 indicates that an application for in forma pauperis status was filed on July 16, 2008.[3]  Docket No. 15-3.  It is appears to the Court that a complaint was sent in with the application to proceed in forma pauperis since on April 20, 2009, the state district court denied Mr. Fox's fee waiver stating:

> The Court finds the prisoner had the ability to pay the full filing fee at the time he filed his Prisoner Civil rights complaint; specifically, as of the most recent date shown on his commissary account, July 8, 2008, just before filing this complaint, he had $136.51.

Docket No. 15-4.

---

[3]https://www.idcourts.us/repository/caseNumberResults.do.  A copy of the electronic docket is attached to this Order.

**MEMORANDUM DECISION AND ORDER  4**

After the motion to dismiss was filed in this case and Plaintiff had filed a response to such motion and Defendants had filed their reply brief indicating the statute of limitations problem with the federal filing, Mr. Fox moved to voluntarily dismiss his state court civil rights case. <u>See</u> Electronic docket of state court action. That motion was granted and the state court case was dismissed on May 29, 2009. <u>Id.</u>

Defendants maintain in their reply brief that they had no knowledge regarding the state court complaint until Plaintiff filed his response to the motion to dismiss. The state court docket reflects that Defendants were never served with the copy of the state court complaint.

In the Court's *Initial Review Order*, Docket No. 5, the Court noted there appeared to be a statute of limitations problem since the injury occurred in July 2006 and the complaint was not filed in federal court until September 2008. The Defendants have now moved to dismiss the action based on the statute of limitations claiming no tolling should apply and the complaint was filed outside the applicable two year statute of limitations. Plaintiff claims the statute of limitations should be tolled based on the error by the paralegal mailing the complaint to state court instead of federal court.

On April 8, 2009, Plaintiff moved for leave to file an amended complaint (Docket No. 13). Defendants maintain the motion should be denied as the amended complaint cannot cure the statute of limitations problem.

**MEMORANDUM DECISION AND ORDER  5**

## MOTION TO DISMISS

### A.     Standards of Law

A complaint may properly be dismissed under Rule 12(b)(6) for failure to state a claim when the allegations in the complaint affirmatively show that the complaint is barred by the applicable statute of limitations. *Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 204 (9th Cir. 1950). Where the statute of limitations is not jurisdictional, as here, the defendant bears the burden of proof to show untimeliness. *Kingman Reef Atoll Investments, L.L.C. v. U.S.*, 541 F.3d 1189, 1197 (9th Cir. 2008). In the Rule 12(b) context, all allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and documents referred to in the complaint though not attached to it, where authenticity is not in question. *Hal Roach Studios*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir. 1982). A court may also take judicial notice of matters of public record in the 12(b) context, such as records and reports of administrative bodies. *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994).

**MEMORANDUM DECISION AND ORDER   6**

In addition, because Plaintiff is an inmate, the Court has authority to review the claims in his Complaint for failure to state a claim or immunity *sua sponte*. *See* 28 U.S.C. § 1915A.

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56. See Jacobsen v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995).

But as Branch makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Branch, 14 F.3d at 453.

In this case, the Court takes judicial notice of the state court proceedings, but since Plaintiff and Defendants have filed affidavits relating to the mailing of the Complaint, the Court will review the motion to dismiss as a motion for summary judgment.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

**MEMORANDUM DECISION AND ORDER  7**

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[4]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn

---

[4] See also, Rule 56(e) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**MEMORANDUM DECISION AND ORDER  8**

v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co.

Inc., 391 U.S. 253, 289 (1968)).  The Ninth Circuit cases are in accord.  See, e.g., British

Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th

Cir. 1989).

      According to the Ninth Circuit, in order to withstand a motion for summary

judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with
> respect to any element for which it bears the burden of proof; (2) must show
> that there is an issue that may reasonably be resolved in favor of either
> party; and (3) must come forward with more persuasive evidence than
> would otherwise be necessary when the factual context makes the non-
> moving party's claim implausible.

Id. at 374 (citation omitted).

      Of course, when applying the above standard, the court must view all of the

evidence in a light most favorable to the non-moving party.  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir.

1992).

**B.**    **Discussion**

      1.  Two Year Statute of Limitations

      In a §1983 federal civil rights case, the statue of limitations is determined by the

law of the state in which the action arose. *Wallace v. Kato,* 549 U.S. 384, 387 (2007)

(citing *Owens v. Okure,* 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia*, 471 U.S. 261,

**MEMORANDUM DECISION AND ORDER  9**

279-80 (1985)).  Section 1983 claims are subject to the state statute of limitations for

personal injury actions because such claims have been found analogous to actions for

injuries to personal rights.  *Wilson*, 471 U.S. at 277.[5]  In Idaho, the statute of limitations

for personal injury is two years.  Idaho Code § 5-219(4).

While state law determines the relevant statute of limitations to be applied to civil

rights actions, federal law determines when a claim accrues, or, in other words, when the

statute of limitations begins running.  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916,

926 (9th Cir. 2004).  A civil rights claim accrues when the plaintiff knows or should

know of the injury that forms the basis of the cause of action.  *Id.* (quoting *Two Rivers v.

Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.

1996)).

Thus, Plaintiff's claims in this case are time-barred since his injury occurred in

July 2006, unless he can show that tolling should be applied.

2.    Tolling

Here, if Plaintiff were proceeding in habeas corpus, his prior state court actions

would work to his advantage to support his tolling argument.  However, unlike the federal

habeas corpus statute, the civil rights statute, 42 U.S.C. § 1983, does not require prior

exhaustion of state court remedies in order to seek a civil rights remedy.  Rather, the

opposite is true: "Unless [a federal] remedy is structured to require previous resort to state

---

[5] *Wilson v. Garcia* was later overruled only as to claims brought under the Securities
Exchange Act of 1934, which is not applicable here.

**MEMORANDUM DECISION AND ORDER  10**

proceedings, so that the claim may not even be maintained in federal court unless such resort be had,[6] it cannot be assumed that Congress wishes to hold open the independent federal remedy during any period of time necessary to pursue alternative state-court remedies." *Caliendo v. Rodriguez*, 1994 WL 659183, at *2 (N.D. Ill. 1994).

Given that there is no statutory tolling available to Plaintiff, the Court next considers equitable tolling. Whether equitable tolling is available in a civil rights action is governed by state law, unless application of state tolling principles would undermine important federal policy. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Recently, the Idaho Supreme Court refused to apply tolling in a circumstance somewhat similar to Plaintiff's, observing that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 258 P.3d 310, 312 (Idaho 2007) (internal citation omitted). In *Wilhem*, the plaintiff asked the court to toll the statute of limitations on a claim against his former attorney for all of the time during which his bar complaint and fee arbitration were pending before the Idaho State Bar, including the time in which a state court appeal was pending challenging the Bar's original decision that it would not hold a fee arbitration because the attorney had refused to consent to binding arbitration.[7] The Idaho Supreme

---

[6] *See Love v. Pullman Co.*, 404 U.S. 522 (1972).

[7] Tolling does not apply even where it seems an injustice would remain without remedy. For example, in *Wilhelm*, the Bar eventually decided that of the $29,929 that Mr. Wilhelm had paid to his attorney, Mr. Frampton, the attorney services were worth $5,320, and Mr. Wilhelm was entitled to a refund of $24,609.

**MEMORANDUM DECISION AND ORDER  11**

Court reversed the decision of the state district court, which had held that tolling applied during the plaintiff's pursuit of his Bar proceedings. The Idaho Supreme Court reasoned that a stay of the action was permissible only "by injunction or statutory prohibition," explaining that "[i]n a situation such as this, the client must file the lawsuit and ask the court to stay it pending the completion of the fee arbitration proceedings." *Id. Accord, Karel v. Gee*, 2008 WL 4889936, at *2 (D. Idaho Nov. 12, 2008) (the *Karel* court declined to apply tolling where a plaintiff waited for an Idaho Department of Finance ruling and Idaho Supreme Court ruling before filing a civil rights action in federal court, reasoning that "[a] thorough search of Idaho case law reveals no standard for applying equitable tolling in Idaho outside the context of motions seeking post-conviction relief in criminal matters.").

Only one other Idaho Supreme Court case is similar to the facts of Plaintiff's case–*Lemhi County v. Boise Live Stock Loan Co.*, 278 P. 214, 217 (Idaho 1929). It pre-dates *Wilhelm*, but was not mentioned or specifically overruled by *Wilhem*. In *Lemhi County v. Boise Live Stock Loan*, the Idaho Supreme Court held that a prior court action will toll the statute of limitations for a later action only if the first action "prevent[s] enforcement of the remedy of [the second] action." In this case, the filing of the state court action did not prevent the enforcement of the remedy in the second action as the state court action was voluntarily dismissed.

**MEMORANDUM DECISION AND ORDER 12**

Finally, the Court considers whether application of Idaho's tolling principles is

inconsistent with federal law. *Jones v. Blanas*, 393 F.3d at 927. In *Hardin v. Straub*, 490

U.S. 536, 539 (1998), the United States Supreme Court admonished that the lower federal

courts "should not unravel state limitations rules unless their full application would defeat

the goals of the federal statute at issue." The Supreme Court identified "§ 1983's chief

goals" as "compensation and deterrence," and its "subsidiary goals" as "uniformity and

federalism." *Id*. at 539.

Here, although Idaho's view that no equitable tolling exists differs from some

other jurisdictions,[8] the following protections remain available. Idaho statutorily tolls the

limitations  period for a person's minority status or insanity. I.C. § 5-230. Early filing of

---

[8] Compare California equitable tolling principles, outlined in *Jones v. Blanas*:
   Equitable tolling under California law "'operates independently of the
literal wording of the Code of Civil Procedure' to suspend or extend a statute of
limitations as necessary to ensure fundamental practicality and fairness." *Lantzy v.
Centex Homes*, 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 660, 73 P.3d 517, 523 (2003)
(citation and internal quotation marks omitted). The purpose of California's
equitable tolling doctrine "is to soften the harsh impact of technical rules which
might otherwise prevent a good faith litigant from having a day in court." *Daviton
v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137(9th Cir. 2001) (en
banc) (quoting Addison v. State, 21 Cal.3d 313, 146 Cal.Rptr. 224, 225, 578 P.2d
941, 942 (1978)) (internal quotation marks omitted). Thus California courts apply
equitable tolling "to prevent the unjust technical forfeiture of causes of action,
where the defendant would suffer no prejudice." *Lantzy*, 2 Cal.Rptr.3d at 660, 73
P.3d at 523. Application of California's equitable tolling doctrine "requires a
balancing of the injustice to the plaintiff occasioned by the bar of his claim against
the effect upon the important public interest or policy expressed by the ...
limitations statute." *Id*. at 660, 73 P.3d at 524 (quoting *Addison*, 146 Cal.Rptr. at
228, 578 P.2d at 945) (internal quotation marks omitted) (omission in original).
393 F.3d at 928.

**MEMORANDUM DECISION AND ORDER  13**

a case pending resolution of a previous case will not necessarily result in dismissal in Idaho, but rather a stay or injunction is available to preserve one's rights. *Wilhelm*, 158 P.3d at 312. Further, the theory of equitable estoppel is available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co. v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

With these protections in place in Idaho, and under the factual circumstances of this case, this Court concludes that Idaho's tolling principles do not defeat the purposes of § 1983–compensation, deterrence, uniformity, and federalism. The facts of this particular case do not fit into the limited statutory equitable tolling situations, therefore, the Court cannot extend the statute of limitation until the date the federal complaint was filed. Moreover, Plaintiff's lack of legal sophistication is not, itself, an extraordinary circumstance warranting equitable tolling. *Raspberry v. Garcia*, 448. F.3d 1150, 1154 (9th Cir. 2006).

The only case the Plaintiff might be able to argue supports a finding for some type of "judicially created" equitable tolling is *Lake v. Foster*, 2008 WL 608636 (D. Idaho 2008), however, this case is distinguishable from the case at bar. In *Lake*, the court allowed a late filed federal lawsuit because the defendants were aware of a state court

**MEMORANDUM DECISION AND ORDER  14**

action and were actively litigating the timely state court action, obtaining a dismissal. In the present case, the Defendants were never served with the state court action that was allegedly timely filed and had no notice of the state court action until receiving the Plaintiff's response to the motion to dismiss. In this case, the Defendants should not be prejudiced by judicially created equitably tolling based on a state lawsuit they had no knowledge of and which was never served on Defendants.

The Court acknowledges that the Plaintiff has attempted to create a genuine issue of material fact regarding who's error the filing of the complaint in state court was via the filing of his affidavit attached to his response. Docket No. 14. However, the Court finds the documents submitted do not create a genuine issue of material fact. The paralegal's response to the concern form indicates that the Plaintiff is mistaken and only one document was mailed on July 15, 2008. Docket No. 19. This fact is corroborated by the inmates' copy of his offender bank balance deductions attached to his response. Docket No. 14. Moreover, Plaintiff has not provided any type of response to the paralegal's affidavit which establishes that it is the inmate, not the paralegal who addresses the envelopes. Therefore, even if there was a genuine issue of fact regarding the alleged mailing error, the alleged mailing error does not create a ground for equitable tolling under the exceptions allowed under Idaho law or case law so the factual dispute is not material.

**MEMORANDUM DECISION AND ORDER  15**

The Court finds Plaintiff has not established a recognized equitable basis in Idaho law to toll the statute of limitations and this Court declines Plaintiff's request to recognize a new judicially-created equitable tolling basis under the facts of this particular case.

### 3.  Federal Action is Not Timely Filed

Having found there is no equitable tolling applicable to the facts of this case, the Court finds based on the allegations in the Plaintiff's Complaint that his injury occurred in July 2006, the September 11, 2008 federal court filing is not timely filed and is barred by the statute of limitations.

The Court has tried to interpret the pleadings liberally to see if the federal complaint can be deemed timely filed under any scenario.  Even if the Court determined that Plaintiff was not aware of his injury until he met with the orthopedic specialist on August 30, 2006 (instead of the date he first complained about his injury in July 2006), his federal complaint was not timely filed within two years of this date.  Even if the Plaintiff was not aware of his injury until he left the custody of the Ada County Jail, that occurred on September 7, 2006 and the federal complaint filed on September 11, 2008 would not be filed within two years.  Even if the federal complaint was deemed filed on the date it was mailed, September 8, 2008 from the prison receipts, the actions is not within the two year statute of limitation.  *See Plaintiff's Response to Defendants Motion to Dismiss*, Docket No. 14, p.10.  Even if the Court assumes the statute of limitations was

**MEMORANDUM DECISION AND ORDER  16**

tolled during the pendency of the grievance (one day, August 4, 2006), that does not make the filing on September 11, 2008 timely. Accordingly, there is simply no way for the Court to deem the federal filing as timely filed under the applicable two-year statute of limitations and the federal lawsuit must be dismissed.

It is unclear to the Court why Plaintiff moved to voluntarily dismiss his state court action after he received the Defendants motion to dismiss and related briefing. Plaintiff arguably could have proceeded with his claim in state court by paying the filing fee since both state and federal courts have jurisdiction to hear timely filed 42 U. S. C. § 1983 cases. Instead, Plaintiff moved to voluntarily dismiss the state court action on May 28, 2009 and such motion was granted on May 29, 2009. The only course of action that possibly remains available to Plaintiff since the federal complaint must be dismissed without prejudice may be for Plaintiff to move the state court to re-open the state court action which appears to have been timely filed. That motion, if filed, would be entirely up to the state court to decide.

## MOTION TO AMEND

Having determined that the motion to dismiss should be granted, the Court need not address the motion to amend as any amendment to the Complaint would not cure the statute of limitations problem with the federal lawsuit.

**MEMORANDUM DECISION AND ORDER  17**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 9) is GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Amend (Docket No. 13) is DENIED AS MOOT.

DATED:  **September 24, 2009**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER  18**

# Case Number Result Page

Ada

1 Cases Found.

| Christian D Fox vs. Ada County Jail Medical Staff | | | | | |
|---|---|---|---|---|---|
| Case: CV-OC-2008-14892 District     Filed: 07/16/2008 Subtype: Other Claims     Judge: Thomas F. Neville  Status: Closed  05/29/2009 | | | | | |
| Defendants: Ada County Jail Medical Staff | | | | | |
| Plaintiffs: Fox, Christian D | | | | | |
| Disposition: Date | Judgment Type | Disposition Date | Disposition Type | Parties | In Favor Of |
| 05/29/2009 | Dismissal of Case | | | Ada County Jail Medical Staff (Defendant), Fox, Christian D (Plaintiff) | Unknown |

| Register of actions: | Date | |
|---|---|---|
| | 07/16/2008 | Application for In Forma Pauperis Status |
| | 04/30/2009 | Order Denying Fee Waivor |
| | 05/28/2009 | Motion for Voluntary Dismissal Pursuant to Idaho R. Civil P. 41 |
| | 05/28/2009 | Statement In Support of Motion for Voluntary Dismissal |
| | 05/29/2009 | Order Of Dismissal |
| | 05/29/2009 | Civil Disposition entered for: Ada County Jail Medical Staff, Defendant; Fox, Christian D, Plaintiff. Filing date: 5/29/2009 |
| | 05/29/2009 | STATUS CHANGED: Closed |

*Connection: Public*